## TRIPP v. ·DUANE.*

### No. 9490; May 20, 1887.

#### 13 Pac. 860.

**Trusts—Coupled With an Interest—Conveyance by Trustee.—A** transfer of all his interest by one who had advanced money to pay the state's charges for a deed to salt marsh and tide lands, and who, as security for the loan, had taken a conveyance to himself of the land in trust to reconvey upon payment, and with power, upon default, to sell after notice by advertisement, is valid as a conveyance of his equitable interest, although made without such notice, and is not in contravention of Civil Code of California, section 870, providing that, "where a trust in relation to real property is expressed in the instrument creating the estate, every transfer or other act of the trustee in contravention of the trust is absolutely void."

**Quieting Title.—A Bill to Quiet Title to an Undivided Interest in Land will not Lie,** as against the grantee of one who has advanced money to clear the property, and taken a deed in the nature of a mortgage as a security for the loan, without payment or tender of the proportionate part of the money loaned.

**Trial—Reception of Evidence—Ruling on.—It** is error for the court, in making up its findings, to consider a deposition which was objected to when offered, and with respect to which objection the court did not decide at the time, but reserved its ruling.

**Trial — Ruling on Evidence Reserved.—** Where testimony is objected to when offered, the party objecting has a right to have a ruling upon the point; and where the ruling is reserved, and the court, when making up its finding, wrongly considers the testimony, the error is not cured by tendering the objecting party a ruling upon the matter, when the statement on motion for new trial is presented for settlement.

APPEAL from Superior Court, San Francisco.

George W. Tyler and E. D. Wheeler for Duane, appellant; Philip G. Galpin for Tripp, respondent.

FOOTE, C.—An action to quiet title to thirty-three ninety-sixths of certain land described in the complaint. Some time during the year A. D. 1853, one George W. Ellis filed in the recorder's office of the city and county of San Francisco a

---

*For subsequent opinion in bank, see 74 Cal. 85, 74 Pac. 91.

pre-emption claim to one hundred and sixty acres of salt marsh and tide lands, the property of the state of California. In the interval between such time and October 21, A. D. 1875, Ellis executed to various persons bargain and sale deeds of undivided portions of his pre-emption claim, amounting to thirty-three ninety-sixths of the whole thereof, the grantees of such undivided interests conveyed them to the plaintiff prior to the twenty-first day of October, A. D. 1875, by deeds sufficient in form, and such deeds were recorded before said last-mentioned date. The state of California executed to Ellis a deed to the lands described in the complaint on the twenty-fourth day of November, A. D. 1875, they being but a portion of those described in the pre-emption claim heretofore mentioned. The plaintiff claims title to thirty-three ninety-sixths of the land, by reason of the pre-emption claim and the deed from the state of California to Ellis. It appears, however, that, when the deed from the state was ready for delivery, Ellis had no money, and eight thousand dollars had to be paid the state before the deed would be delivered; and Ellis, Duane and Haymond executed to one Patterson an instrument in writing, which is as follows: "We, George W. Ellis, Creed Haymond, and C. P. Duane, hereby grant, bargain, sell, and convey to Wm. H. Patterson all the estate, title, and interest which we, either and all of us, now have, or may hereafter acquire of, in and to the land described, and intended to be described in a certain so-called pre-emption claim or pre-emption notice on record, whereof is contained in the land records of the city and county of San Francisco, in Liber B of Miscellaneous Deeds, page 665; and also all the lands described in two certain deeds made by the tide-land commissioners to G. W. Ellis, and bearing date November 24, 1875. This conveyance is in trust to secure the payment of $4,000 due to said Patterson from the said Ellis, $2,000 due from the said Haymond to said Patterson, and $2,000 from the said Duane to the said Patterson, and payable in United States gold coin, with interest at the rate of one and one-half per cent. per month, and payable on or before sixty days from the date thereof. The said Patterson to have full possession and control of the said land, and the absolute power of the disposition of the said land for the purposes of the trust. If such payments are not paid at or before sixty days from the

date hereof, such disposition is to be made upon one week's notice in any daily paper published in the city and county of San Francisco. Upon the payment of the whole of said sum of $8,000 and interest, the said Patterson is to reconvey said land; or, upon the payment by the said Ellis of the sum of $4,000 and interest, he will reconvey one-half of said property to said Ellis; or, upon the payment of $2,000 and interest by said Haymond he will reconvey to said Haymond one-fourth thereof; or upon the payment of $2,000 and interest by the said Duane, to reconvey one-fourth of said property to said Duane. Witness our hands and seals this thirtieth day of November, 1875 ''—the same being signed and sealed by all of said parties thereto.

The eight thousand dollars was not paid within the sixty days, as agreed by the instrument above set out; and Patterson, without advertising the sale of the land as therein provided, transferred all his interest in it to one Morrissey by deed, and Morrissey to Duane.

At the time of the commencement of the present action, neither the plaintiff nor Ellis had paid Patterson or Duane any of the said eight thousand dollars, and the complaint sought to quiet the plaintiff's title to thirty-three ninety-sixths of said land without alleging payment, or making any offer to pay to Patterson, or Duane, his grantee, any portion of the same. After Duane had filed his amended answer, the plaintiff bought of Patterson his right to and interest in the land, and took from him a conveyance therefor, and then applied to the trial court for leave (which was refused, as far as Duane was concerned) to file a supplemental complaint setting up the facts above related. But upon the trial of the cause the plaintiff offered in evidence the deposition of Patterson to prove the facts set up in the supplemental complaint. The defendant, Duane, objected, upon the ground that all the matters thus sought to be proved had occurred after the joinder of issue in the case, and were incompetent, irrelevant, and immaterial, and that no supplemental complaint had been filed touching such matters, so far as concerned the defendant, Duane. The court did not at the time admit the testimony, but reserved its ruling. Before, however, the decision in the cause was made, the court did read and consider that deposition, and in fact based its findings and decree

thereon; and decided that defendant, Duane, had no right, title, or interest in the land described in the complaint, and quieted the title of the land to the plaintiff, and as against Duane, as prayed for.

The appellant makes three points for the reversal of the judgment, and the order denying him a new trial:

First. He claims that the court erred in quieting the plaintiff's title to the whole of the land described in the complaint.

Second. That the court erred in deciding that plaintiff was entitled to prevail in the action, without paying or offering to pay thirty-three ninety-sixths of the purchase money which Patterson advanced to Ellis, Haymond, and Duane to pay to the state of California, and in ruling that Duane had no title or interest in the land.

Third. That the court erred in considering and reading evidence not admitted at the trial, and basing its findings and decree thereon.

We do not think that the court quieted the title to the whole of the land, but only to thirty-three ninety-sixths thereof. But it seems to us that the transfer by Patterson to Morrissey was valid, so far as to carry all the beneficial interest which Patterson had in the trust instrument from Ellis, Duane, and Haymond, and, as a consequence, that Duane got the same interest from Morrissey. Patterson thereby made no conveyance in contravention of the trust, within the meaning of section 870, Civil Code. He transferred all his beneficial interests only, and the title was not affected. The advertisement for the sale was not affected. It was just as incumbent on Patterson's grantee to have carried out the trust, and to have advertised as the instrument required, as it was upon Patterson. The grantees under Patterson had a right to be repaid their share of the eight thousand dollars, vesting as a lien upon the thirty-three ninety-sixths of the claim, as fully as Patterson had, and therefore it was wrong to devest Duane of the interest he had acquired under Patterson and Morrissey, without, at least, having him reimbursed, and no offer so to do was made in the complaint.

The court had no right to consider the deposition of Patterson, as against Duane, in deciding the cause. Duane never waived his exceptions, and the court, without any notice to him, or ruling upon it after it was taken, so that he might

perchance have rebutted Patterson's evidence, founded its decree and findings upon it. The fact that he was tendered an opportunity to have a ruling on the matter, when the statement on motion for a new trial was presented to the court for settlement, gave Duane no opportunity, which was his right to have, to offer rebutting testimony.

The judgment and order should be reversed and the cause remanded for a new trial.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed, and cause remanded for a new trial, nunc pro tunc, as of March 15, 1887.