## S. HALAMA *v.* KAILI HALAMA.

## No. 925.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. T. B. STUART, JUDGE.

SUBMITTED APRIL 17, 1916.          DECIDED APRIL 26, 1916.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*equity procedure—dismissal.*

It is reversible error for a circuit judge, sitting in equity, to dismiss plaintiff's bill during the cross-examination of a witness for the defendant, thereby preventing further cross-examination of such witness, thereby taking from the defendant the opportunity

of offering further evidence and thereby denying to the plaintiff the opportunity of offering evidence in rebuttal.

EVIDENCE—*document not offered—appeal and error.*

It is prejudicial error to consider as evidence an entry in a book shown by defendant to a witness for plaintiff on cross-examination, the authenticity of which is disputed, where such book is not identified and introduced in evidence.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff filed his bill in equity alleging that on the 24th day of February, 1913, while he was a minor of the age of nineteen years, he executed and delivered to the defendant, his brother, a quitclaim deed for all his interest in certain lands and personal property situated on the island of Maui; that he did not at the time know the value of the said property conveyed by said deed, but which property was then of the value of $500; that defendant then knew the value thereof but stated to the plaintiff that it was of the value of $50, which statement plaintiff believed and relied on owing to the mature years of the defendant and the fact of their relationship; that defendant there and then represented to the plaintiff that he (said defendant) had the purchase price, namely $50, and was then ready to pay it and would on that day pay it to the mother of the plaintiff, but that defendant did not have the said $50 and did not intend to pay the same; that no part of the purchase price named in the said quitclaim deed has been paid to the plaintiff, and plaintiff alleges on information and belief that it has not been paid to his mother; that said deed is of record in the office of the registrar of conveyances at Honolulu in liber 382, page 468. A copy of the said quitclaim deed is attached to the bill as a part thereof and shows that it in terms quitclaims and releases all of plaintiff's right, title and interest in and to all real and personal property in the estate of S. P. Halama inherited by plaintiff

and his sister Kelupe Sylva. Plaintiff disaffirms the said quitclaim deed and prays that it be decreed to be void and that the same be canceled. To the bill defendant filed his answer admitting the execution of the said quitclaim deed; admitting that he knew the property and its value and that it was at the time of the value of $500; admitting that the said $50 had not been paid, but alleging that on the day the deed was executed that he paid to the mother of the plaintiff the sum of $10 and then promised to pay the balance soon after his return to Maui, and alleging that he did not do so owing to the fact that he was informed on the day following the execution of the quitclaim deed to him that the plaintiff had executed and delivered to another party another deed for the said property, to set aside which deed he was compelled to and did commence a suit in equity in which he succeeded but expended in costs and expenses $300 or thereabouts. The answer denies the material allegations of the bill, not admitted as herein shown, and denies that the plaintiff had any interest in the property described in said quitclaim deed.

Two witnesses testified positively that plaintiff was born in December, 1893. While one of the witnesses for the plaintiff (his mother) was being cross-examined counsel for defendant showed her a Bible with red covers, in which an entry in pencil to the effect that plaintiff was born December 23, 1892, appears, but the witness denied that the Bible then shown her was the family Bible, and said that she did not know whose Bible it was or who made the entry. She further testified that her husband did enter in a Bible the date of her marriage to him (November 20, 1892) and the date of the birth of plaintiff (December 23, 1893), but said that the Bible then shown her was not the Bible in which said entries were made, and said the Bible in which her husband made the entries had black covers. Counsel for the defendant then stated that he would later identify the

Bible presented to the witness and offer it in evidence, but did not do so. The defendant introduced only one witness, Hoonani, who testified that plaintiff was born in December, 1892. While this witness was being cross-examined by counsel for the plaintiff, and before the cross-examination was closed, the circuit judge interrupted the hearing and said:

"I am inclined to hold this deed operative. According to my understanding of the matter it makes but little difference to any one whether this child was born in '92 or '93. Plaintiff has failed in proving his allegation of fraud and has failed in his allegation of value and has failed otherwise.

"I am not going to set aside this deed simply because he may not have been of age, if such was the case. If he was not of age his deed would not be void, but voidable. If he was a minor when he made the deed, he might ignore this act under proper conditions; and if he is not estopped by other evidence. I think there is much in this case against him. The next day after making this deed he makes a deed of the same property to another party; how much he obtained for the second deed I do not know. On the witness stand he does not seem to care much one way or the other about what the result may be of this trial. I think when the defendant is required to pay the balance of $40.00, that is all that ought to be required in this case. I hold that the plaintiff has failed in his proof. Now what kind of an order can the court make so as to say that this $40.00 shall be absolutely paid to this woman, his mother, and the deed stand.

"I am going to temper these things with equity in this case. I do not find any wrong on the part of the defendant—any misstatements. You fail altogether in that. I do not think that you have made out your case. I think this deed ought to be sustained. Plaintiff does not give evidence by his demeanor that he is in great earnest and does not seem to care much about the matter. I will order the deed to be confirmed, stand confirmed upon defendant paying into court the balance of the purchase money for the use of his mother. If he does not do that, within six months, I will open up the case again."

Plaintiff moved the circuit judge to set aside the decision on the ground that he erred in deciding in favor of defendant after finding that the plaintiff was born in December, 1893, the plaintiff being a minor at the time the deed was executed. The circuit judge denied this motion, filing a written decision wherein he said:

"The plaintiff files this motion basing it on the proposition that the court found that the plaintiff was born in 1893 instead of 1892. This is not correct. To the contrary the court found generally that the plaintiff had failed to make out his case. And this includes the allegation of his being born in 1893. There is no evidence as to the date of the death of Kaleianuenue's first husband. He may have died in 1892 and may have been the father of this plaintiff. She married again in '92, and how long her prior husband had been dead at that time there is no evidence to show. The plaintiff was born, so says the Bible and so says the woman Hoonani, in December '92. The fact that her second husband made the entry of the plaintiff's birth as December 23, '92, would seem to be strong evidence of the elder son that the plaintiff was born in December '93, and also the confused statements of the mother. Upon the witness stand they hand her the Bible and she was a very long time in examining it. She questioned it being the correct Bible. She seemed to be suffering from the implications that might arise in the Bible against her. I am not satisfied that she fully understood the entries in the Bible. Her elder son, who testifies that the plaintiff was born in '93 has rather a singular story in relation to his being there at the time and the cause of his visit. In short, what the court has held and still holds is that the plaintiff has failed in his case as to showing himself a minor at the time he alleged he made this deed, and also upon every other part of his case. And the court further finds and held and still holds that there is no equity in the plaintiff's claim. Motion for new trial overruled."

Thereafter a decree was filed, which, after entitling, court and cause, is as follows:

"This cause came on duly for trial on the 4th day of March, 1915, the complainant being present in person and

by Eugene K. Aiu and Noa W. Aluli, his attorneys, and the defendant, in person and by J. Lightfoot, his attorney:

"And the court, after hearing the evidence, having decided that the deed sought to be cancelled be sustained upon the payment, within six months, of the sum of forty dollars ($40.00) by the defendant to Kaleianuenue, the mother of the complainant.

"It is therefore ordered, adjudged and decreed, That this cause be, and the same is hereby, dismissed, upon the payment by the defendant to Kaleianuenue, the mother of the complainant, of the sum of forty dollars ($40.00) within six months from the said 4th day of March, 1915."

From said decree the plaintiff has appealed to this court and in his brief assigns the following errors, to wit:

"(1)  In not considering the question as to whether or not the plaintiff was under age when he executed the deed;

"(2)  In holding that there was a failure of proof on the part of the plaintiff;

"(3)  In terminating the trial in such a manner as to deprive the plaintiff of his right to fully cross-examine Hoonani, the witness for the defendant, and of introducing evidence in rebuttal;

"(4)  In finding (if he so found) that plaintiff was of age when he executed the deed."

It will not be necessary to discuss the errors specified *seriatim.* In the decision announced orally the circuit judge seems to have taken the position that the age of the plaintiff, and whether he was or was not a minor at the time of executing the deed in question, were immaterial, but in his written decision on the motion to set aside the oral decision he holds that he found that the plaintiff failed to prove that he was a minor at the time of the execution of the deed.

The action of the court in interrupting the cross-examination of defendant's witness and there and then dismissing the plaintiff's bill was prejudicial to substantial rights of the plaintiff. It took from the plaintiff the opportunity of

further. cross-examination of the said witness, prevented the defendant from offering further testimony and deprived the plaintiff of the opportunity of offering rebutting evidence. This action of the circuit judge was error which requires a reversal. In his decision of plaintiff's motion to set the decision aside the circuit judge refers to the entry in the Bible, shown to a witness for plaintiff (in which an entry in pencil shows the plaintiff's birth to have been in December, 1892) as evidence of the date of his birth at that time. This was prejudicial error as the authenticity of such Bible was in dispute, it had not been identified and had not been introduced in evidence, hence was not evidence in the cause.

One of the positions assumed by the defendant is that the plaintiff had no interest whatever in the property conveyed by said quitclaim deed, but the ground upon which such contention is based is not stated in the record nor in the brief of counsel for defendant.

As a reversal on the grounds suggested must be had it is not necessary to discuss the evidence showing the fact as to whether plaintiff was born in December, 1892, as claimed by defendant, or in December, 1893, as claimed on behalf of the plaintiff. If his birth was in December, 1893, he was a minor at the time that he executed the quitclaim deed in controversy and has a legal right to disaffirm the same, while, if born in December, 1892, as claimed by defendant, he was an adult at the time of the execution of said quitclaim deed.

The judgment is reversed and the cause remanded to the circuit judge for further proceedings consistent with the views herein expressed. Costs of appeal awarded to appellant.

*E. K. Aiu* for plaintiff.

*J. Lightfoot* for defendant.