## KAHOI KEALOHA *v.* HALAWA PLANTATION, LIMITED, AND HENRY H. PERRY.

### No. 1132.

ERROR TO CIRCUIT COURT, THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED NOVEMBER 22, 1918.          DECIDED DECEMBER 28, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

TRESPASS—*quare clausum fregit*—*defense under plea of general denial.*

It is the law in this Territory that under a general denial a defendant in an action of trespass *quare clausum fregit* may as a defense show title in himself or in one under whom he made entry, and this he may do as fully as though he had interposed the common law plea of *liberum tenementum.*

DAMAGES—*punitive or vindictive—rule respecting principal and agent.*

Punitive or vindictive damages are not to be allowed as against the principal unless the principal participated in the wrongful act of the agent or expressly or impliedly by his conduct authorized or approved it either before or after it was committed.

TORTS—*liability of codefendants.*

The general rule is that in tort actions the liability of co-defendants is several as well as joint and that a new trial may be granted a part of them and the verdict allowed to stand as to others, but where the judgment up to a certain amount is good as to both the defendants and beyond that amount is invalid as against one of them it follows that the judgment can only be sustained in such an amount as was properly assessable against both defendants.

SAME—*same—judgments—remission of damages illegally awarded.*

Where the decision upon which the judgment is predicated specifically distinguishes and separates the illegal portion of the judgment from that portion which is legal the plaintiff may be permitted to remit the illegal portion of the judgment.

OPINION OF THE COURT BY COKE, C. J.

The defendant in error, plaintiff in the court below and hereafter referred to as plaintiff, instituted an action for damages against the Halawa Plantation, Limited, and Henry H. Perry, plaintiffs in error and hereafter referred to as defendants, the action being based upon alleged trespass *quare clausum fregit.* It is alleged in the complaint that plaintiff was the owner and in possession of a certain tract of land situated at Halawa, district of North Kohala, County of Hawaii, upon which was located his home and dwelling-house; that on the 20th day of July, 1917, the defendants broke into the land of plaintiff, razed and utterly destroyed his dwelling-house, removed the lumber and material thereof and converted the same to the use of the Halawa Plantation, Limited. It is further alleged that numerous fruit and ornamental trees as well as vegetable plants growing upon the land were destroyed. The plaintiff claimed damages in the sum of twelve thou-

sand dollars. The defendants plead the general issue and appeared and separately defended the action in the court below. The case was tried by the court without the intervention of a jury and upon the conclusion of the hearing a decision was rendered by the judge of the circuit court finding for the plaintiff and against the defendants in the sum of $1788 actual damages and the sum of $2000 punitive or exemplary damages, also the costs of court. Upon this decision judgment was entered against the defendants in the sum of $3788 and costs taxed at $145. The defendants now bring the cause to this court on a writ of error jointly sued out by them. The defendants have filed separate briefs by their respective counsel and while the judgment is joint and several in its nature the defendants appear to be in entire accord upon all questions presented to this court.

Forty separate errors are specified in the assignment of errors. In view of their great number we will not undertake to discuss each separate error assigned but will confine ourselves to those alleged errors which appear to be chiefly relied upon by the defendants. The alleged errors of the court below, particularly emphasized in the briefs of defendants, may be summarized as follows: (1) Ignoring the question of title to the land and taking the position that title was 'immaterial; (2) including the value of the house in the damages under the theory that mere possession without title gave the plaintiff a right of action for the value of the house; (3) holding that Perry's acts, done on the occasion in question, were done by him for and on behalf of the corporation; (4) holding that Perry's acts were within the scope of his authority as manager of the plantation; (5) holding it to be immaterial whether the agreement between Perry and Mrs. Bryant for the taking of the lumber was an illegal agreement; (6) holding the principal as well as the agent liable for punitive damages.

The evidence in the court below tends very strongly to show that Kahoi Kealoha, the plaintiff, is the son of Kealoha, deceased, the original grantee of a tract of land at Halawa, Island of Hawaii, described in grant No. 661; that plaintiff many years ago built a house upon the premises and thereafter resided and made his home therein; that plaintiff for many years had occupied this lot of land, cultivated it and claimed it as his own and also claimed to have paid the taxes assessed against it; that under his claim of ownership he was lawfully in possession thereof on the 20th day of July, 1917; that on that date defendant Henry H. Perry, who at that time was the manager of the sugar plantation owned by the defendant corporation, went to the home of plaintiff accompanied by the head carpenter and several other employees of the defendant corporation and demanded that plaintiff pay him rent for the premises; that plaintiff refused, claiming that the property was his own; that Perry thereupon ordered the plantation men to tear down the plaintiff's dwelling; that plaintiff resisted the attempt to destroy his house and was assaulted by Perry, for which assault Perry was later on convicted by a jury; that after the futile attempts of plaintiff to prevent the destruction of his home and after he had been overpowered, Perry, together with the plantation employees working under his direction, proceeded to tear down the house and loaded the lumber and other material taken from the house in wagons brought for that purpose and conveyed the same to the Halawa plantation where the same was utilized for plantation purposes. The household effects of plaintiff were scattered about the debris of the destroyed building, and fruit and ornamental trees and vegetable plants were trampled upon and destroyed. The plaintiff, however, remained upon the premises taking up his abode in a small shed which had escaped destruction. The plaintiff, who is about

seventy years of age, was born on the premises and has lived thereon during his entire lifetime. The house was a wooden structure 40x30x18 feet. The value of the house at the time of its destruction was fixed by various witnesses testifying in respect thereto in different amounts varying from $100 to $1800.

The defendant Halawa Plantation, Limited, is a domestic corporation conducting a sugar plantation at Halawa, Island of Hawaii. It is claimed by the defendants that the house and house-lot in question were at the date of the trespass and for about twenty-five years next preceding owned by James Wight, now deceased; that Mrs. Clara G. Bryant was the agent of the trustees of the Wight estate and as such had control of the property of the estate in and about Halawa. It is further claimed by the defendants that Mrs. Bryant had instructed the defendant Perry to go upon the premises in question and take down the dwelling-house thereon. The defendant Halawa plantation contends that defendant Perry was acting wholly without the scope of his duties and employment with the company and that it is in no wise responsible for his acts. Perry claims that he was acting for the agent of the owners of the property and therefore he cannot be held for damages.

The court below found that defendant Perry as manager of the plantation operated by the defendant company entered into an agreement with Mrs. Bryant to take down the house occupied by plaintiff utilizing plantation men and means of transportation and that the plantation was to receive for its services the lumber and other material taken from the house. We do not think it of any importance one way or the other whether, as a matter of fact, the agreement between Perry and Mrs. Bryant for the taking of the lumber was an illegal agreement. It was of course important to ascertain the purpose of this agree-

ment, and whether what was done pursuant thereto was contrary to the rights of plaintiff. We think that Perry in making the arrangement with Mrs. Bryant was not only acting for the defendant corporation but was acting within the scope of his duties as the manager of its plantation. "While the manager's duties are continuous as regards the course of time of his employment it is likewise true that his duties cover a wide range and are multifarious in character." *Silva* v. *Kaiwiki Mill Co.*, 24 Haw. 324, 329.

While it can hardly be disputed that the plaintiff was in lawful possession of the premises at the time of the alleged trespass the defendant Perry has made some effort to show that the title to the premises was in the Wight estate. We conceive it to be the law in this Territory that under a general denial a defendant in an action of trespass *quare clausum fregit,* such as is the present case, may as a defense show title in himself or in one under whom he made entry and this he may do as fully as though he had interposed the common law plea of *liberum tenementum.* "The effect of pleading liberum tenementum is to confess that the plaintiff had possession of the close named generally at the time of the acts complained of, and that such acts were committed by the defendant as set forth, but to avoid the trespass by averring a right to enter and act as alleged." 21 Ency. Pl. & Pr. 840. Of course if it be shown that the plaintiff is in rightful possession of the premises but is not the owner thereof he may still be entitled to recover yet ordinarily the measure of damages would be reduced.

Upon the question of title plaintiff testified that he owned the property and had lived upon it continuously for many years. There is testimony that he claims to have paid the taxes assessed against the premises and his evidence of occupation and claims of ownership are sup-

ported by the testimony of several disinterested parties. As against this the defendant Perry introduced in evidence R. P. 661 to Kealoha, the father of plaintiff, and offered then for the purpose of identification the purported will of Kealoha, by which it is claimed that the premises now in question were devised to Joseph Kahuhu, and defendant Perry further offered for the purpose of identification a purported deed from Joseph Kahuhu to James Wight. While these two last mentioned documents accompany the record sent up to this court they do not appear to have been identified or introduced as part of the evidence in the case. There is no reference to them in the decision of the circuit court and if it is true, as the condition of the record would indicate, that these documents were never identified and introduced in evidence the trial court was bound to ignore them (see *Halama* v. *Halama,* 23 Haw. 254; *Tripp* v. *Duane,* 13 Pac. 860), but even had the will and deed been properly introduced in evidence the description of the property conveyed by them is so meager as to render the documents of little weight in the absence of additional evidence identifying the property which they purport to convey as including that portion of R. P. 661 which was occupied and claimed by plaintiff.

It is not claimed by defendants that James Wight in his lifetime, or those representing his estate after his death, at any time prior to the date of the alleged trespass in July, 1917, ever went into the possession of the premises in question or paid the taxes thereon or exercised any claim of ownership in respect thereto. If, as contended by the defendants, this property was sold to James Wight by Joseph Kahuhu in 1892 that claim is vastly weakened by the fact that for a period of twenty-five years no claim of ownership was ever asserted by Wight or those in charge of the interests of his estate following his death.

But, say the defendants, the court below entirely ignored the question of title and proceeded upon the theory that possession alone was sufficient to warrant recovery by plaintiff and that the title to the land was not in issue. A reading of the decision of the court below does not bear out this claim. The court's findings in its decision upon this phase of the case are as follows:

"It appears to the court that Kahoi Kealoha, the plaintiff, so far as this action is concerned, and so far as the court is now interested, owned and possessed a certain tract of land, such as described in the bill of complaint. Whether he owned it in fee, or whether he did not own it in fee, the court thinks matters but little so far as this investigation is concerned. There is no question in the court's mind but that he was in possession of this house and lot. Here is an old man, seventy years old perhaps, or almost seventy, born on the premises, who assisted in building this house fifty-four years ago, and who has lived in that house practically all the time since then. Now, numerous witnesses were introduced in an effort to establish his residence somewhere else. Certain discrepancies arose in the testimony, but it is the duty of the court to reconcile these discrepancies if it can. If it cannot be done, then the court must accept such evidence as seems to it the most reliable, and disregard that which seems the most unreliable. The witnesses introduced in an effort to establish the plaintiff's residence at other places than this house in question, were, in the main, of a different nationality, and, to say the least, the evidence of such witnesses was very much of a negative nature. We have the old man's testimony that he lived there all his life. The testimony of the policeman was that the plaintiff lived there thirty years. The testimony of another witness who had lived in the house with the plaintiff for eighteen years, and of another who had lived on the premises for fourteen years; which was positive; with all evidence to the contrary being somewhat negative. But, at least, even those witnesses who knew anything about the occurrence place the old man in possession of this house

when the alleged trespass was said to have taken place. * * * That being the case, it is unnecessary, at this time, as the court sees it, for the court to say whether or not Kahoi Kealoha had a good and valid title to this property. He was in possession. And the contract having been made and Mr. Perry acting as the agent of the defendant corporation it matters not whether the trustees of the Wight estate had any interest, remote or otherwise, in this property. But the court is asked to pass upon the question of whether or not the trustees of the Wight estate had an interest in this property, and then, upon that, the court's own decision, which would be in the nature of a judgment obiter dictum, the court is asked to decide and pass upon whether or not this plaintiff should be entitled to damages rather than to inure to the benefit of the trustees of the Wight estate; whether or not the plaintiff Kahoi had any title at all, or whether the trustees of the Wight estate had any title at all. * * * In fixing the amount of punitive damages the court took into consideration many other things, but I might mention that here is an old man, practically seventy years of age, somewhat decrepit, living in his own home, his own castle, as he understood it to be. He never had any other home; he was getting too old to have any other home. It was his. And here is a man, the manager of a plantation, who, himself, says he weighs two hundred and seventy pounds, driving onto this old man's premises, * * * And that is not all, for then the old man, in order to hold on to what he thought was his own, and still thinks is his own, lived in an old shed that is still on the premises."

At the very outset in the opinion the court found that the plaintiff is the owner and in possession of the property following which the court expressed the view that it mattered little whether the plaintiff owned the property as long as it was shown that he was in possession thereof. In this last expression the court was undoubtedly in error. We regard this, however, as a harmless error which could not prejudicially affect the defendants. In other words, the measure of damages awarded against the defendants

could not have been less had the error not been committed. As the evidence stood at the conclusion of the trial the court was warranted in holding, as it did hold, that the plaintiff was the owner and in possession of the premises and that he was entitled to have judgment for the actual damages sustained by him because of the trespass committed by the defendants, and which upon the evidence the court assessed at $1788. This we cannot say is excessive.

The court below also found against the defendants in the sum of $2000 for punitive damages. Counsel for the Halawa Plantation, Limited, contend that the company cannot be held liable for punitive damages, even admitting that the trespass was committed by Perry and that he was acting for and on behalf of the company and within the scope of his authority as manager of the plantation. They assert that the limit of the recovery against the company would be the actual damages only.

We think in the light of the evidence in this case the court below was unauthorized to assess punitive damages against the defendant Halawa Plantation, Limited. While the defendant Perry as manager of the company's plantation enjoyed a wide range of authority so far as the conduct of the affairs of the plantation was concerned he is not an officer of the company nor is his status in relation to the company such as to make the company answerable in punitive damages for his acts not expressly authorized or approved or ratified by the company. There is no evidence whatsoever that the plantation company either through its officers or any other person actually wielding the executive power of the corporation directed the trespass or in any way approved thereof after it had been committed. The law respecting punitive damages under circumstances such as are presented in this case is very fully expressed by the Supreme Court of the United

States in *Lake Shore etc. Ry. Co.* v. *Prentice,* 147 U. S. 101, where the rule is quoted with approval that "punitive or vindictive damages or smart money were not to be allowed as against the principal unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it or· approving it either before or after it was committed."

It is not an exaggeration to say that a more high-handed and wanton invasion of the rights of another could hardly be contemplated than was committed by Perry as shown by the record in this case. Without a shadow of legal authority and with wilful and utter contempt for the law and a criminal indifference to his civil obligations he proceeded in force to the home of plaintiff and in modern germanic fashion assaulted plaintiff, tore down his house, destroyed his trees and plants, and carried away the valuable portions of the house leaving plaintiff to exist as best he could amid the wreckage of his former home. But however wicked the servant may have been, where the principal neither expressly nor impliedly authorized or ratified the act the criminality of it is as much against him as against any other member of society.

We think in this case it is quite enough that the company shall be liable in compensatory damages for the injuries sustained in consequence of the wrongful acts of its servant. See *Hagan* v. *Providence & Worcester Ry. Co.,* 3 R. I. 88, 91; Sedgwick on Damages (8th ed.) Sec. 378; *Duncan* v. *Wilder S. S. Co.,* 8 Haw. 411, 415.

And so having found that so much of the judgment of the court below as is based upon its decision and findings against the defendants for punitive damages in the sum of $2000 cannot be sustained as against the Halawa Plantation, Limited, we are further of the opinion that under the circumstances of this case the judgment should not be divided, in other words, that the amount thereof can-

not properly be split up in separate amounts and assessed against the defendants in proportion to their respective liabilities.

The general rule is that in tort actions the liability of codefendants is several as well as joint and that a new trial may be granted to part of them and the verdict allowed to stand as to others. *Washington Gas Light Co.* v. *Lansden*, 172 U. S. 534; *Albright* v. *McTighe*, 49 Fed. 817; *I. C. R. R. Co.* v. *Foulks*, 191 Ill. 57; *Loving* v. *Commonwealth*, 45 S. W. 773; *City of Kansas City* v. *File*, 55 Pac. 877; *Moreland* v. *Durocher*, 80 N. W. 284. But in the present case the judgment up to a certain amount is good as to both of the defendants and beyond that amount is clearly invalid as against the Halawa Plantation, Limited. It therefore follows that if the judgment is to be sustained at all it can only be sustained in such amount as was properly assessable against both defendants.

In view of the fact that the decision upon which the judgment herein is predicated specifically distinguishes and separates the amount found against the defendants for actual damages from the amount found against them for punitive damages, in other words, the illegal portion of the judgment being clearly distinguishable from the legal, we have concluded that if within ten days plaintiff shall file in this court a written consent to remit the damages awarded against the defendants in the sum of $2000 the judgment of the court below will be affirmed for the balance and will be ordered modified accordingly. Otherwise a new trial must be granted.

All the other errors assigned but not herein specifically discussed have been duly considered and are found without merit.

And it is so ordered.

*Robertson & Olson* for Halawa Plantation, Limited.

*Frear, Prosser, Anderson & Marx* for H. H. Perry.
*Mott-Smith & Lindsay, R. W. Breckons* and *H. L. Holstein* for defendant in error.