ROBERT W. HALL, Plaintiff-Appellant, *v.* AMERICAN AIRLINES, INC., Defendant-Appellee

NO. 6346

OCTOBER 30, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY PADGETT, J.

Appellant's counsel has moved for reconsideration of our opinion heretofore filed herein, contending that he did not concede that his client was interested only in principle and not in damages. He has urged us to replay the tape of the argument. We have done so. Appellant's counsel specifically stated in response to questions from the court that his client would be content with nominal damages if the court determined that punitive damages were not appropriate.

Leaving aside the question of the responsibility of a corporation for punitive damages for the actions of its employees (see *Kealoha v. Halawa Plantation*, 24 Haw. 579 (1918); *Chin Kee v. Kaeleku Sugar Co.*, 29 Haw. 524 (1926) ), the fact remains that punitive damages, if recoverable at all, are recoverable only where a wrongful act is done wilfully, wantonly or maliciously or characterized by some aggravating circumstances. This is the general law. 22 Am. Jur.2d *Damages* § 249. Nothing has been called to our attention noting that the rule is different in the other jurisdictions whose law might apply in this case. Certainly, it is the law in Hawaii. *Howell v. Associated Hotels, Ltd.*, 40 Haw. 492 (1954).

We see nothing in the record as to the conduct of the appellee's employees which, in any way, approaches that standard. We thought that our view that the record did not contain anything to sustain an award of punitive damages was implicit in our previous opinion. Apparently, appellant did not so understand it, so we now make that holding explicit.

As we noted in our previous opinion, this case came to us on a record which was deficient with respect to the facts as to the contract in question. Appellant had not presented some of the facts which would have been necessary for either the court below or ourselves to make an intelligent decision on the conflict of laws questions. We were thus faced with what we regarded as a substantial question in the field of the law of common carriers without an adequate record upon which to make a determination as to which state's rules, with respect to damages, should apply.

At oral argument, both sides were queried as to the acceptability of a judgment for nominal damages, since with the precedent of *Ferreira v. Honolulu Star-Bulletin, Ltd.*, 44 Haw. 567, 356 P.2d 651 (1960), there was a solution which would enable us to answer the question as to the law of common carriers without involving the expense to the State and the parties of a retrial in the face of the issues as to the conflict of laws which we could not resolve on the record before us. Both counsel indicated a willingness to accept a judgment for appellant for nominal damages and we adopted that solution. We reaffirm it now.

We caution counsel that questions are asked at oral argument for a reason and therefore, we expect and have expected that they will be answered carefully, truthfully and intelligently.

The Motion for Reconsideration is denied without argument.

*Bert S. Sakuda (Cronin, Fried, Sekiya, Haley & Kekina* of counsel) on the motion for plaintiff-appellant.