SHELTON, &c.
*vs.*
HARLOW.

---

## Shelton, &c. *vs.* Harlow.

### APPEAL FROM HENRY CIRCUIT.

Three defendants sued; a joint verdict against all for damages; motion for new trial. The court put the plaintiff upon terms, being of opinion there was no evidence against one of the defendants, gave the plaintiff the privilege to enter a *nolle prosequi* as to the defendant against whom there was no evidence, and take judgment

ORD. PET.

Case 5.

15bm547
f103 536

15bm547
105 501

SHELTON, &c.        against the other defendants or submit to a new trial; plaintiff dis-
    vs.             missed his suit as to the one defendant, and the court overruled
HARLOW.             the motion for a new trial.   Held to be right.   Citing 4 *Bibb*, 310;
                    2 *Tidd's Prac.* 927.

The facts of the case are stated in the opinion of the court.—*Rep.*

*B. & J. Monroe,* for appellants—

The testimony is not incorporated in the record, and we can only complain of the action of the court, as it appears in the record, in refusing the new trial, under the state of fact as exhibited.

The court erred in giving the plaintiff the privilege of dismissing his suit against one of the defendants, and taking judgment against the other two defendants. The jury might have assessed separate damages, in which case the plaintiff might have dismissed as to all except one, and taken judgment against that one. (*Dougherty vs. Dorsey,* 4 *Bibb* 210.) But they did not think proper to do so, and assessed joint damages. The plaintiff might, at any time before the jury returned, have dismissed his suit as to any one or more of the defendants; but after the jury found their verdict against all, it is denied that any such right existed. The parties had become so united by the finding of the jury, that it was not in the power of the plaintiff or of the court to dissever them in the judgment. The judgment must pursue the verdict.

If there had been no testimony against one of the defendants, the jury might have found for such defendant. They did not choose to do so, but found all guilty. The court, however, think as to one there was no proof of guilt, and that the verdict as to that defendant ought not to stand, and so decide. The verdict is an entire thing, and, as we insist, should be sustained as an entire thing, or set aside entirely. The pleading was joint, and the finding joint. The plea was true entirely, as a whole, or false entirely. The jury say the plea was false; the court say it true in part, and false in part.

The damages are probably greater than the jury would have assessed against two of the defendants only. The jury was probably influenced in their finding by the number of the defendants found guilty by their verdict. The jury may have considered the defendant who is now exonerated the most guilty of the three; if so, the other two are paying the penalty of his illegal acts. We think the court should have granted a new trial upon the facts appearing in the record, and ask a reversal of the judgment.

Judge STITES delivered the opinion of the Court—

Sarah Harlow brought an action for libel against Shelton, Black, Roberts, and Ethrington. Black, Shelton, and Roberts answered jointly, and Ethrington separately; there was also a joint answer filed by all the defendants. A verdict was rendered against them for four hundred and fifty dollars, and motion made for a new trial upon various grounds assigned by all the defendants, and by Roberts upon the ground that there was no evidence against him.

Upon the trial of this motion, the court being of opinion that there was no proof against Roberts, put the plaintiff upon terms that she should dismiss her suit against him, and she having elected to comply with the terms, and entered a *nolle prosequi* against Roberts, the motion as to the other defendants was overruled, and a judgment rendered against them for the amount of the verdict; to reverse which this appeal is taken.

Inasmuch as the evidence upon the trial does not appear in the record, we must presume that it was sufficient to sustain the verdict against all the defendants except Roberts, and insufficient as to him, and the only question presented is, whether the action of the Circuit Court, in rendering judgment against three defendants, when the verdict embraced four, was erroneous?

June 7.

Three defendants sued; a joint verdict against all for damages; motion for new trial. The court put the plaintiff upon terms, being of opinion there was no evidence against one of the defendants, gave the plaintiff the privilege to enter a *nolle prosequi* as to the defendant against whom there was no evidence, and take judgment against the other defendants or submit to a new trial; plaintiff dismissed his suit as to the one defendant, and the court overruled the motion for a new trial. Held to be right. Citing 4 *Bibb*, 310; 2 *Tidd's Practice*, 927.

Shelton, &c.
*vs.*
Harlow.

We think it was not. In *Dougherty vs. Dorscy*, 4 *Bibb*, 210, it is said "that where a jury, upon a verdict of guilty against a number of defendants, assess several damages, the irregularity may be cured by the plaintiffs entering a *nolle prosequi* as to one of the defendants, and taking judgment against the others, or by entering a *remittitur* as to the lesser damages, or, even without entering a *remittitur*, by taking judgment for the greater damages. (2 *Tidd's Practice*, 927.)

We perceive no difference, in effect, in allowing a plaintiff, after a verdict of guilty against several defendants, where several damages have been improperly assessed, to elect whether he will hold all liable by taking a judgment against all for the larger amount of damages, or only a part of the defendants by a *nolle prosequi* against the others, and permitting him, as in the present case, to enter a *nolle prosequi* as to one not guilty, and taking judgment against those who are guilty. In either case it is a departure from the verdict, strictly speaking, but in both the substantial ends of justice are obtained.

As already intimated, the presumption in the absence of the evidence is, that Roberts was not guilty, and that the other defendants were. He should not be held amenable for their acts, neither should they be exonerated by an improper finding against him, from the payment of a verdict awarded for injuries done by them. The bare possibility that the jury, in estimating the damages, increased them because of the number of the defendants, without any proof showing that such was the case, will not avail for a reversal.

Judgment affirmed.