CASE 73—PETITION ORDINARY—MAY 7.

# Loving v. Commonwealth, Use, Etc.

### APPEAL FROM WARREN CIRCUIT COURT.

1. TRESPASSERS—JOINT AND SEVERAL LIABILITY—NEW TRIAL—
PRACTICE IN CIVIL CASES.—When several persons unite with
each other in the commission of a trespass, the liability therefor
is both joint and several; and upon motion for new trial by the
defendants in such an action after a verdict has been rendered
against them all, the new trial may be granted as to part of
them, and the verdict and judgment left standing as to the
others.

EDWARD W. HINES FOR APPELLANT.

1. The jury was authorized by the court to find punitive damages
and the verdict was for largely more than the actual damages,
the larger portion of it being intended by the jury as punishment
of all the defendants; surely, it can not be said that if the jury
had thought that the whole of the punitive damages would fall
on one of the defendants, the verdict would not have been differ-
ent.

2. Where there is a joint verdict against several defendants and it
is necessary to grant a new trial as to one of them it must be
granted as to all. Allen v. Fielder, 10 B. M., 306; Elliott on Ap-
pellate Procedure, sec. 839; Sperry v. Dickerson, 82 Ind., 132.

3. In an action for damages sustained by reason of unlawful seizure
of property by attachment, attorneys' fees paid out in defense
of the attachment can not be recovered. Worthington v. Mor-
ris' Ex'or, 17 Ky. Law Rep., 624.

W. E. GARTH FOR APPELLEES.

1. In actions of trespass the jury may assess joint or several dam-
ages against the defendants if there be more than one, and they
were so instructed in this case. 86 Ky., 594, 565 and 578; 1 Ky.
Law Rep., 65 and 72.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellees against appellant Loving and the firm of Buch & Perkins to recover damages for the malicious and wrongful seizure of their stock of goods and the ejectment of appellees from their store-room. The defendants filed a joint answer, denying liability, and the trial resulted in a joint verdict for appellees against all the defendants for $200. They jointly made a motion for a new trial, which was granted to defendants, Buch & Perkins, but refused to appellant Loving, leaving the judgment standing against him.

Appellant in effect contends that, as the suit was against all the defendants as joint trespassers and the verdict and judgment for a gross sum against them all, that the law requires that plaintiffs shall be able to sustain them as to all or they will be good as to none, and that a new trial having been granted to his co-defendants, the court erred in overruling the motion as to him. Every interference without legal authority by one man with the goods, chattels or personalty of another is a tort, and gives rise to a cause of action therefor; and when several persons unite with one another in the commission of a trespass, the liability therefor is both joint and several, and the injured party may sue all of them jointly or some of them separately, because a tort is in its nature a separate act of each individual (Chitty's Pleadings, volume 1, page 86). And section 373 of the Civil Code authorizes several separate or joint judgments against one or more defendants, as the case may require. It is in these words: "Though several defendants are summoned, judgment may

be rendered against any of them if the plaintiff would have been entitled to judgments against them in an action against them alone."

And this question seems to have been passed on by this court in several well-considered opinions, and they are, we think, uniformly adverse to appellant's contention.

Shelton v. Harlowe, 15 B. M., 547, was an action for libel against three defendants who were sued jointly; there was a joint answer filed by all of them, and a joint verdict against all for damages; a motion for a new trial was made, upon various grounds assigned, and by one of them (Roberts) upon the additional ground that there was no evidence against him; and upon a trial of this motion the court, being of the opinion that there was no proof against Roberts, put the plaintiff upon terms that she should dismiss her suit against him, and she having elected to comply with the terms and entered a *nolle prosequi* against Roberts, the motion as to the other defendants was overruled, and judgment was rendered against them for the amount of the joint verdict. Upon appeal this court said: "A plaintiff, after a verdict of guilty against several defendants, where several damages have been improperly assessed, may elect whether he will hold all liable by taking a judgment against all for the amount of damages, or only a part of the defendants, by a *nolle prosequi* against the others, and permitting him, as in the present case, to enter a *nolle prosequi* as to one not guilty, and taking judgment against those who are guilty. In each case it is a departure from the verdict, strictly speaking, but in both the substantial ends of justice are obtained."

In Buckles v. Lambert, 4 Met., 434, plaintiff sued three defendants jointly for assault and battery; the jury found a joint verdict against them, and judgment was entered accordingly; on motion a new trial was granted to one of them on the ground that he was an infant, but was refused as to the other two, against whom the judgment was allowed to stand for the sum named in the joint verdict. On appeal this judgment was affirmed.

Appellant forcibly and without a shadow of legal authority took possession of the store room, goods and chattels of appellees and subjected them to personal indignity, and the fact that he was an officer of the law tends to aggravate his offense. Appellees had the right to sue appellant alone, and would, in such action, have been entitled to judgment; and, considering all the circumstances surrounding the case, the verdict of the jury, so far as he was concerned, is not at all excessive, and he can not be heard to complain because his co-defendants were given a new trial.

For the reasons indicated the judgment is affirmed.