## Hays, et al. v. Beaver Creek Coal & Coke Company.

### (Decided November 30, 1917.)

### Appeal from Floyd Circuit Court.

Infants—Judgment for Sale of Real Property.—A judgment for a sale of infants' real property, under subsection 3, of section 489, of the Civil Code, is erroneous, where the title papers of the ancestor, from whom the infants inherited the land, are not filed with the petition or accounted for, but the judgment is not void on such account.

W. W. WILLIAMS and J. P. HOBSON & SON for appellants.

SMITH & COMBS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming in part and reversing in part.

On April 30th, 1907, this action was instituted in the Floyd circuit court by Susan Hays, statutory guardian for Frank Hays, Ollie Hays, Johnnie Hays, Laura Hays, P. Watt Hays, Dewey Hays, and Carrie Hays, infants. The guardian was the plaintiff and the above named infants were the defendants. The action was one under subsection 3, of section 489, of the Civil Code, and sought to sell the mineral rights in a certain tract of land, with numerous other privileges attached to the ownership of those rights, for mining purposes, and in these minerals and privileges attached to their ownership, it was alleged, that each of the infants was the owner of an un-

divided one-eighth interest, and the sale was alleged to be for the purpose of the maintenance and education of the infants. The action proceeded to a judgment on the 14th day of November, 1907, when the property was adjudged to be sold, and thereafter a report, of the sale of it, was filed and the sale approved and confirmed on the 5th day of March, 1908. Thereafter, this sale and the judgment, under which it was made, were, both vacated, by a judgment of the trial court, on account of certain irregularities in the conduct of the action, and it was continued for further and proper preparation. In addition to the infants named, it seems that there was an older one of the children, who had become twenty-one years of age before the institution of the suit, and who had sold and by deed conveyed her interest in the matters sought to be sold in the action. After the first judgment for the sale of the property had been rendered, and before it had been vacated, Frank Hays, another of the infants, had arrived at the age of twenty-one years, and shortly, thereafter, he, by deed, sold and conveyed his interest in the same matters sought to be sold in the action. During the pendency of the action, and before rendition of the judgment, a bond was executed by the guardian to the infants, as provided by section 493, of the Civil Code. A guardian *ad litem* was appointed, who filed an answer, to the effect, that he had examined the case and was unable to make any defense for the infant defendants. Proof was taken upon interrogatories and cross-interrogatories, and, thereafter, the cause was submitted for trial and judgment a second time, on the 10th day of March, 1909, and another judgment rendered for the sale. The property was appraised and sold, when the appellee, Beaver Creek Coal & Coke Company, became the purchaser at the sale, for its appraised value. On July 1st, 1909, a judgment was entered, confirming and approving the report of the sale, and directing that the property sold be conveyed to the purchaser, and thereafter, orders were duly entered showing the report of the deed by the commissioner to the purchaser and its approval. Ollie Hays and John Hays, at the time the appeal herein was taken, had been twenty-one years of age more than one year, and have never taken any appeal from the judgment. Lena or Laura Jane Hays, having become twenty-one years of age, in her own right, and P. Watt Hays, Dewey Hays and Carrie Hays, by their next friend, on the 16th day of March, 1917, took an appeal from the first judgment, directing a sale of the land,

and the order confirming the report of sale, and, also, an appeal from the judgment under which the interests in the land were finally sold, and the order of confirmation of that sale.

The Beaver Creek Coal & Coke Company, the purchaser at the sale, and Susan Hays, as guardian of Frank Hays, Ollie Hays, John Hays, Lena J. Hays, P. Watt Hays, Dewey Hays, and Carrie Hays, and Frank Hays, Ollie Hays and John Hays, are made appellees.

As to the judgment appealed from, which was rendered on November 14th, 1907, and the one of March 5th, 1908, the record shows, that these judgments were vacated by a judgment of the trial court, thereafter, and this seems to be all the relief to which a reversal of these judgments could give the appellants. It is insisted for the appellants, that the setting aside of these judgments was erroneous, but they have not taken any appeal from the judgment of the trial court, which set aside and vacated these judgments, and hence, this court can only consider the judgment rendered for the sale of the property on the 10th day of March, 1909, and the judgment confirming the report of sale under that judgment on the first day of July, 1909.

The judgment for a sale of the property made on March 10th, 1909, is for a sale of the interests in the property similar to the ones adjudged to be sold in the land ordered to be sold in the action of Oliver Webb, et al., v. Oliver Webb's Guardian, et al., the opinion, in which, was this day rendered by this court, except that the judgment, in the instant case, is somewhat less defensible than the judgment in that case. It is not deemed necessary that the various minerals, and the rights connected with them, adjudged to be sold, be herein enumerated, but, suffice it to say, that the judgment was erroneous for the same reasons, as stated in Webb, et al., v. Webb's Guardian, et al., *supra.* It was, furthermore, erroneous, in that the title papers, under which the land was held, were not filed with the petition, as required by subsection 2, of section 492, of the Civil Code, nor their absence accounted for. The petition shows that the land was owned by the defendants by inheritance from their deceased father, and so owning the land, they could not have any title papers, which directly vested the title in them, but in such a case, the title papers under which their ancestor, from whom they derived the title by inheritance, should have been filed with the petition or their

absence accounted for. One of the purposes of this provision is, that the court may be able to judge, from an inspection of the title papers, whether they prohibit a sale of the land, and the other matters connected with the land including the extent of the land and the parties interests therein. It has been held, that the failure to appoint a guardian *ad litem* for an infant defendant, over fourteen years of age, who has been served with a summons, does not render the judgment against him void, and the failure in this case to file the title papers would not make the judgment void, but only erroneous.

The only ground relied upon for a reversal of the judgment of the court, which confirmed the sale, and directed the making of the deed, is, that the judgment of the court, under which the sale was made, was erroneous. The court, in the instant case, had jurisdiction of the parties and the subject matter of the action. The judgment was regularly obtained, and the sale regularly and fairly made, and was confirmed and the deed executed to the purchaser, and the purchase price paid to the plaintiff, guardian. The purchaser was a stranger to the record, and had no connection with the prosecution of the action or the procurement of the judgment, and had no other connection with the action, except as a purchaser at the sale, and for the same reasons as stated in Webb, et al., v. Webb's Guardian, et al., *supra,* the order confirming and approving the sale must be affirmed.

It is therefore ordered, that the judgment for the sale of the property, made on March 10th, 1909, be reversed, but the judgment confirming the sale and approving the deed to the purchaser, made on July 1st, 1909, are affirmed.

Whole court sitting, but Judges Thomas and Clarke dissent from that part of the opinion affirming the judgment confirming the sale.