Metcalfe, J.
The plaintiff in error was one of the defendants in the case below. The action was brought by Mary Falabielo to recover damages against the village of Struthers and The Mahoning & Shenango Railway & Light Company for wrongfully causing the death of her husband, Joseph Falabielo.
At the trial of the case in the court of common pleas judginent was rendered against both of the defendants, and both defendants filed motions for a new trial. The trial judge granted the motion of the railway company, but overruled the motion of the village of Struthers, leaving the judgment to stand as against the village.
The errors assigned are that the court erred in the charge before argument, erred in the general charge, and erred in setting aside the verdict of the jury as to defendant The Mahoning & Shenango Railway & Light Company and leaving the judgment stand as to the village.
Upon the. trial of the case a section of the franchise of defendant The Mahoning & Shenango Railway & Light Company was introduced in evidence. By that section it is provided that should the roadbed of the company, running on a side of or along a traveled highway, be lower than the traveled part of the highway, so much so that the county commissioners might think it unsafe, a duty was imposed upon the company to build a barrier along the line of the railway upon notice so to do by the county commissioners.
There was evidence offered tending to show, and perhaps establishing the fact, that at some time several years prior to the accident the railway company *343 had built a fence along this portion of the track, which is conceded to be lower than the traveled part of the highway, and runs along the highway at the place in question, and had maintained it for some little time, but had afterwards removed it; but there was no direct evidence offered in the case tending to show, and from which it was claimed, that the commissioners had directed the company to build such barrier.
It is claimed upon the part of the plaintiff in error that such evidence tended to show that the commissioners directed the railway company to build a fence. At the request of defendant the trial judge charged the jury before argument:
“If you find that the defendant street railway company was by its franchise required to construct and maintain a barrier at certain places along the right of way, upon being directed so to do by the county commissioners, and that thereafter they did so erect and maintain for a considerable time a barrier at the point of the accident, then this would be some evidence from which you could infer that such direction was made; that such duty existed, and if said company was at the time of the accident operating within such franchise, that an obligation then rested upon the street car company to maintain such barrier.”
If there was error in that charge it would be against the railway company and not against the plaintiff in error. After argument, however, the court said to the jury:
“There is no evidence that the commissioners ever designated this place as a place for a barrier.”
*344 We think the trial judge was right in the first place in saying to the jury that the fact that the barrier was built by the railway company, and the fact that a condition existed which would call for a barrier at that place, it being lower than the highway, and the fact that the company maintained it for some time, would be evidence which the jury would have a right to consider as bearing on the question whether or not the commissioners had directed the company to build a barrier, but, if there was error in the charge after argument, it was error in favor of the defendant railway company. It was not error, in our judgment, that this defendant, the village of Struthers, would have a right to complain of.
Now taking these questions in connection with the order of the court granting a new trial to the company, it is urged that error lies in the fact that a new trial was granted to the railway company and the judgment left standing as to the village. We cannot agree with that proposition. We do not decide whether the defendants are or are not joint trespassers. The alleged negligence of the village of Struthers is that it permitted the hole to exist in the traveled part of the highway, endangering the safety of travelers. The decedent got into that hole, and, upon this record, the jury were justified in finding the village liable. Suit could have been brought against the village, or against the railroad company. Each was responsible for its own act. The village is responsible for allowing the hole in the highway to remain out of repair and the highway thus to become dangerous. If the railway company is responsible, it is responsible for the fact that it failed to maintain a barrier at that place. The *345 acts of these parties were separate. Separate action could have been brought against both or either.
Where two or more parties have committed a tortious act they may be sued jointly, or they may be sued separately, and if they are sued jointly, and a verdict had against both, it is not reversible error to set aside the verdict as to one and allow it to stand as to the other. The one against whom the verdict is set aside has nothing to complain of, and the one against whom the verdict is rendered is not prejudiced by the setting aside of the verdict against the other.
At common law the verdict could not be set aside as to one of two joint trespassers and allowed to remain against the other. (20 Ruling Case Law, 224, Section 9.) But, quoting the same section of the same authority, “The prevailing rule at present is that, inasmuch as tortfeasors are jointly and severally liable, and an action may be maintained against one or all at the option of the injured party, a verdict may be set aside as to one and allowed to stand as to another.”
In Sparrow v. Bromage, (83 Conn., 27), 27 L. R. A., N. S., 209, it is held:
“The court may set aside a judgment recovered against two in a civil action to recover damages for unlawful imprisonment, as to one of the defendants, and permit it to stand against the other, where it clearly appears that the latter performed acts which would have rendered him liable if sued alone.”
And in the note to the latter case it is said:
“Although some courts hold to the contrary, the preponderance of authority is to the effect that a *346 verdict may be set aside as to one alleged joint tort feasor and permitted to stand as to others.”
“A new trial may be granted as to one or more of several joint trespassers, against whom a joint verdict has been returned, and judgment be left standing against the others for the full amount of the verdict.” Loving v. Commonwealth, (103 Ky., 534), 45 S. W. Rep., 773.
In the light of these authorities there was no prejudicial error in sustaining the motion of the railway company, and the judgment is affirmed.

Judgment affirmed.

Farr and Pollock, JJ., concur.