## Petrey et ux. v. Kelly, et al.

(Decided October 12, 1928.)

Appeal from Perry Circuit Court.

1.  Execution.—Where purchaser on execution sale, before confirmation of commissioner's report, and on discovery that commissioner had sold whole of the property without having owner of undivided

one-half interest before the court, filed exceptions to the report of sale, the court properly sustained such exceptions.

2. Judgment.—Where plaintiffs, in action to recover on notes and to have lien adjudged on property, filed exceptions to report of sale, after purchasing property, on ground that owner of undivided one-half interest was not before the court, which exceptions were sustained, there was no merger of notes in first judgment, but the case then stood as if no sale had been made, and plaintiffs could then bring in any necessary party.

3. Husband and Wife.—Where wife did not sign notes executed by husband, or was not personally obligated to pay debt, personal judgment was erroneously granted against her thereon.

D. G. BOLEYN and T. E. MOORE, Jr., for appellants.

JESSE MORGAN, F. J. EVERSOLE and J. T. BOWLING for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellees E. Kelly and Mattie Kelly sold and conveyed to the appellants M. A. Petrey and Malinda Petrey, his wife, a house and lot in Hazard, Ky. The consideration was $4,750, of which $1,000 was paid in cash, and the remainder was evidenced by three promissory notes executed by the appellant, M. A. Petrey, two of the notes being for $1,000 each and one for $1,750, and were secured by a lien on the property. The appellant Malinda Petrey did not sign the notes. The first note of $1,000 was paid at maturity, but Petrey failed to pay the other notes when they became due, and appellees instituted an action to recover on the notes, and asked that a lien be adjudged on the house and lot to secure the debt. They failed to make Malinda Petrey, who owned an undivided one-half interest in the property, a defendant in that action. M. A. Petrey made no defense and a default judgment was rendered at the September, 1925, term of the Perry circuit court and a lien adjudged upon the entire property. Under that judgment the whole of the property was sold by the master commissioner and purchased by the appellee E. Kelly for $3,220. The commissioner filed his report of sale on November 24, 1925. This report was never confirmed, nor was any order entered directing the commissioner to execute a deed to the purchaser, nor does any order appear of record showing that such a deed was ever presented in court or acknowledged by the commissioner or examined and approved by the court.

It is alleged in the appellant's answer in this proceeding, however, that the commissioner did, on March 4, 1926, execute a deed to the purchaser. Thereafter the appellees discovered that Malinda Petrey's interest in the property had not been sold and on September 30, 1926, they filed exceptions to the commissioner's report of sale and moved the court to set aside the sale upon the following grounds: (1) Because the commissioner sold the whole of the lot as the property of M. A. Petrey, and E. Kelly purchased the whole thereof, when M. A. Petrey was the owner of only an undivided one-half interest therein; (2) because the judgment adjudged that the whole of the property be sold when the defendant only owned an undivided one-half interest therein; and (3) because E. Kelly purchased the property at the price of $3,220 believing that he was purchasing the whole of the lot and improvements thereon.

The exceptions were sustained and appellees then filed another action against M. A. Petrey and Malinda Petrey in which they sought judgment against both of the defendants for the debt set up in the former action against M. A. Petrey and that they be adjudged a lien upon all the property described in the petition owned jointly by M. A. Petrey and Malinda Petrey. The defendants answered pleading the judgment in the former action as a complete bar to any further proceeding upon the debt. Over their objection the two actions were consolidated, a demurrer to the answer was sustained, and a judgment was entered against both of the defendants for the amount of the debt, and a lien adjudged on the whole of the property which was ordered sold. From that judgment, the defendants have appealed.

It is argued in behalf of the appellants that the notes sued on became merged in the judgment in the first action and they cannot be made the basis of a subsequent action. No question of merger is involved. The commissioner's report of sale made pursuant to the judgment had never been confirmed, and, upon discovering that the commissioner had sold the whole of the property when the owner of an undivided one-half interest was not before the court, the purchaser filed exceptions to the report of sale, and the court properly sustained them. Kaze v. Wheat's Guardian, 223 Ky. 719, 4 S. W. (2d) 723. The case then stood as if no sale had been made and plaintiffs could then bring in any necessary party. Had Malinda Petrey been made a party in the first instance, but had

not been served with process, plaintiffs might have taken judgment against M. A. Petrey, who was before the court, and later taken judgment against the other joint owner after she had been brought before the court. The proceedings followed in this case effected the same result.

It follows that the court did not err in sustaining a demurrer to the answer or in adjudging a lien on the whole of the property. The court did err, however, in granting a personal judgment against Malinda Petrey. She did not sign the notes sued on, nor is there anything in the record to indicate that she was personally obligated to pay the debt. There was merely a lien on her interest in the property to secure M. A. Petrey's debt. The judgment, therefore, must be reversed.

Judgment reversed, with directions to enter a judgment in conformity herewith.