## Kaze et al. v. Wheat's Guardian.

(Decided January 22, 1929.)

POLK SOUTH, JR., for appellants.

JAMES H. POLSGROVE for appellees.

Opinion of the Court by Judge Logan—Affirming.

This is the second appeal of this case. The former opinion is found in 223 Ky. 719, 4 S. W. (2d) 723. That appeal was by the purchasers of the land which had been sold, and this court found that the evidence in the case did not show that Otha Wheat, Sr., at the time of his death, was the owner of more than one-half undivided interest in the land which was sold when the sale was intended to cover the entire interest in the land. The court found that the title to a one-half interest in the land appeared to be in the heirs of Susan M. Wheat. The case was reversed, and, upon a return of the case, the appellants herein, who were the purchasers at the sale, tendered an order setting the sale aside; but the appellees filed an amended petition, in which they alleged that the interest of Susan M. Wheat passed to Otha Wheat, Sr., under her last will and testament, and a copy of her will is filed with the amended petition. Upon this showing the lower court adjudged that the sale was valid, and that the purchasers took a good title, and that a resale was unnecessary. The appellants insist that the judgment of the lower court should have been set aside, and that a resale should have been ordered. The title was exactly the same at the time of the sale as it was when the amended petition was filed, but the plaintiffs in the original action by oversight had failed to put in the record evidence showing a complete title in Otha Wheat, Sr. In suits such as this, the title papers must be filed, and the failure to file the title papers renders the judgment erroneous. Hays v. Beaver Creek Coal & Coke Co., 178 Ky. 149, 198 S. W. 743. When the proceedings in a case such as this are so defective as to render the sale void, the judgment cannot be cured by subsequent proceedings. But if the sale is merely erroneous on account of such irregularity in the proceedings as did not affect the jurisdiction of the court, the sale should not be set aside on the motion of the purchaser because the interest of the infants is not prejudiced. In such a state of case, that is, where the interest of the infants is not prejudiced by the sale, the purchaser cannot be heard

to complain if he gets a good title. If the judgment is merely erroneous, such steps may be taken as will cure the defects, and the purchaser must accept the property which he purchased. If he gets a good title he cannot complain. Clay's Guardian v. Rice, 172 Ky. 164, 189 S. W. 11.

The lower court was right in adjudging that the amended petition with the copy of the will cured the defect in the judgment, and with that defect cured the purchaser is shown to have taken a good title.

It is suggested that the will of Susan M. Wheat did not vest in Otha Wheat, Sr., a fee-simple title to her half-interest in the land. The provision of the will is as follows: "I will and bequeath to my beloved husband, Otha Wheat all of my property, real, personal and mixed of whatever kind of which I may die possessed, to his sole and separate use and enjoyment and to dispose of as may seem proper or pleasing to him."

This provision vested him with a fee-simple title.

It is suggested that the former opinion of this court held that the sale was void, and that it is the law of the case. The former opinion did not so hold except upon the record as presented. The record as presented showed that the heirs of Susan M. Wheat owned a one-half undivided interest in the land. They were not parties to the action, and any sale affecting their interest, if they had an interest, would have been void. But they did not have any interest as the title was in Otha Wheat, Sr., at the time of the sale.

Judgment affirmed.