## Burns et al. v. Rich et al.

(Decided March 20, 1931.)

LOUIS I. IGLEHEART for appellants.

ALBERT B. OBERST, CARY, MILLER & KIRK, H. A. BIRKHEAD and ROWE & NEAL for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In an action under section 2380-45, Ky. Stats., by the drainage commissioner of Daviess county against Mrs. Lorena L. Rich et al., 228½ acres of land were ordered sold to pay assessments made against it under two bond issues issued for the construction of the R. H. Neeley ditch and the Panther creek ditch. The appellants were the successful bidders at this sale, they became uneasy,

124

and filed exceptions to the sale, which were overruled, the sale was confirmed, and these purchasers have appealed. The land belonged to Mrs. Lorena L. Rich for life, with a vested remainder in fee to her children. She has now but two children, the defendants Wm. Rich and Lisetta Brumley; she never had but one other child, and it died in infancy. These purchasers say she may yet have other children, and they fear such other children would not be bound by this judgment, but they are mistaken, they would be bound by this judgment under the doctrine of virtual representation. See Masonic Widows' and Orphans' Home v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34; 20 R. C. L. p. 672, sec. 11; 21 C. J. p. 295, sec. 294.

They urge that the defendants Wm. Rich and Mrs. Brumley may die without issue, and that they cannot now tell who will be their heirs. Neither can we, but whoever they may be must necessarily take under them, and will be bound by this judgment.

They insist there are many irregularities in this record. We agree with them, but the necessary defendants are all before the court, are sui juris and free from disability, and they have not appealed. If they are content to allow their property to be sold in this way, these purchasers cannot complain. A judgment may be erroneous, yet the purchaser at a sale made under it may get a good title. It is only when the judgment is void that the purchaser gets nothing.

The appellants say they want us to determine if they got a good title, but the only question upon which we can speak with authority is, Did the trial court err in confirming this sale? The answer is, "No."

The judgment is affirmed.