## Smith et al. v. Overstreet's Administrator.

(Decided March 22, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellants.

C. C. GRASSHAM and ROY G. GARRISON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming in part and reversing in part.

Mark A. Smith, and Mrs. Dorothy A. Smith have appealed from a $15,000 judgment recovered against them by the appellee.

About 5:15 p. m. Tuesday June 13, 1933, Mrs. Louvine Overstreet was struck and killed by an automobile driven by Miss Dorothy Smith, who is frequently referred to in this record as Billie Smith, and, to avoid

the confusion resulting from the similarity of her name to that of her mother, we shall hereafter so refer to her.

An administrator for Mrs. Overstreet was appointed, and this suit was begun against Mark A. Smith, his wife, Dorothy A. Smith, and their daughter Billie Smith, on June 24, 1933, and at a trial concluded on December 1, 1933, a judgment was entered upon the verdict of a jury for $15,000 against all three of the defendants. Later it was discovered no guardian ad litem had been appointed for the 16 year old defendant, Billie Smith, and the judgment was set aside as to her, and her father and mother are our appellants.

## The Instructions.

Appellants complain of the instructions, which are perhaps not entirely correct, but certainly they were not prejudicial. We are invited to clarify the difference between instruction No. 1 given in Standard Oil Co. of Ky. v. Thompson, 189 Ky. 830, 226 S. W. 368, and instruction No. 1 in E. L. Martin & Co. v. Hurt's Adm'r, 250 Ky. 235, 62 S. W. (2d) 465, but we do not see how we could add anything to what was said in the later case. Being the later decision, it is the one to be followed if there is any conflict between the two. Instruction No. 5 is not a verbatim copy of the instruction outlined in Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478; still it is a correct statement of the applicable law, but it would be better to follow the instruction in the Toon Case.

The automobile by which Mrs. Overstreet was killed was owned by Mrs. Dorothy A. Smith, and was driven at the time with her consent by her daughter Billie Smith. Mark A. Smith had no control over this machine further than this, that Mrs. Smith respectfully deferred to his wishes regarding its operation. Mrs. Smith was liable for her daughter's negligent operation of it under the "Family Purpose" doctrine, but her husband was not. We feel that the question of his responsibility is settled in Kentucky by the cases of Holland v. Goode, 188 Ky. 525, 222 S. W. 950, and Euster v. Vogel, 227 Ky. 735, 13 S. W. (2d) 1028. The facts in those cases are similar to those in the case before us but clearly distinguishable from those in Penticost v. Massey, 201 Ala. 261, 77 So. 675, and Rounds v. Phillips

(Md.) 177 A. 174, which, after careful examination, we decline to follow.

### Granting of New Trial to Daughter.

This was a joint judgment against Miss Billie Smith and her father and mother. Each one owed all of it. The appellee, if there had been no appeal, could have singled out any one and proceeded against that one to enforce payment of it. This is an action for tort, and we feel that this which is taken from Louisville Southern Ry. Co.'s Receivers v. Tucker's Adm'r, 105 Ky. 492, 49 S. W. 314, 317, 20 Ky. Law Rep. 1303, is conclusive of the appellant's contention as to the effect on this judgment of the new trial granted to Miss Billie:

> "In such actions [torts], where several persons are sued jointly, a joint verdict may be rendered, and new trial granted as to some of them, and the full amount of the judgment left standing against one, the liability of such defendants being both joint and several."

We affirmed a judgment wherein a joint judgment had been rendered against three parties, and later a new trial was granted to two of them. See Loving v. Com., 103 Ky. 534, 45 S. W. 773, 20 Ky. Law Rep. 229. See, also, Shelton v. Harlow, 54 Ky. (15 B. Mon.) 547, and Buckles v. Lambert, 61 Ky. (4 Metc.) 330. The last-named case is on all fours with this one.

The appellants cite in support of their position the case of Cunningham v. Dyer, 18 Ky. (2 T. B. Mon.) 50. If this opinion ever had any persuasive force, that was certainly destroyed by the later opinion in Buckles v. Lambert, 61 Ky. (4 Metc. 330), and by the numerous opinions wherein we have since followed the Buckles Case; but this Cunningham Case is not and never was authority in this commonwealth.

It was rendered by the so-called Supreme Court of Kentucky, sometimes called the "New Court," which was an unconstitutional tribunal the General Assembly of this commonwealth attempted to set up by an act approved December 24, 1824. It held what it called a spring term in 1825 and decided 57 cases, and in the fall it decided 21 cases; then it quit. Lawyers fully realized it had no constitutional existence, few if any

records were sent to it, and it soon exhausted those records of which it had taken possession at its inception.

The rightful court (the Court of Appeals), though much hampered (the other tribunal took possession of the records on hand), continued to function. It decided one case at its spring term of 1825, Ward v. Trotter, 19 Ky. (3 T. B. Mon.) 1, and 45 cases at the fall term and thereafter functioned regularly and the General Assembly by an act approved December 30, 1826 (see Acts 1826, c. 8, p. 13), repealed the act by which it had attempted to set up this so-called Supreme Court. It never had any constitutional existence, some cases decided by it were perhaps settled, but the most of the cases reported as decided by it were later taken up and decided by this court as if the so-called ''Supreme Court'' had never existed; for example, see Chiles v. Calk, 19 Ky. (3 T. B. Mon.) 341; Davis v. Young, 19 Ky. (3 T. B. Mon.) 381; Elston v. Bowman, 19 Ky. (3 T. B. Mon) 37; January v. Henry, 19 Ky. (3 T. B. Mon.) 8; Leather's Representatives v. McGlasson, 19 Ky. (3 T. B. Mon.) 223; McClain v. French, 19 Ky. (3 T. B. Mon.) 385; Stewart v. Durrett, 19 Ky. (3 T. B. Mon.) 113; Bailey et al. v. Duncan's Representatives, 20 Ky. (4 T. B. Mon.) 485; Breckinridge v. Ralls, 20 Ky. (4 T. B. Mon.) 533; Brown v. Vance's Ex'rs, 20 Ky. (4 T. B. Mon.) 418; Clarke's Adm'r v. Chiles, 20 Ky. (4 T. B. Mon.) 390; Cravins v. Gant, 20 Ky. (4 T. B. Mon.) 126; Stevens v. Stevens, 20 Ky. (4 T. B. Mon.) 524; Dickinson v. Chism's Adm'r, 20 Ky. (4 T. B. Mon.) 1; Handley v. Rankins, 20 Ky. (4 T. B. Mon.) 554; Hord's Adm'rs v. Lee, etc., 20 Ky. (4 T. B. Mon.) 36; Humphreys v. Lewis, 20 Ky. (4 T. B. Mon.) 337; Kibby v. Chitwood's Adm'r, 20 Ky. (4 T. B. Mon.) 91, 16 Am. Dec. 143; Kirk v. Williams, 20 Ky. (4 T. B. Mon.) 413; Locke v. Coleman, 20 Ky. (4 T. B. Mon.) 315; Martin's Adm'r v. United States, 20 Ky. (4 T. B. Mon.) 487; McGrath v. Herndon, 20 Ky. (4 T. B. Mon.) 480; McMurtry v. Frank, 20 Ky. (4 T. B. Mon.) 39; Neal v. Keel's Ex'rs, 20 Ky. (4 T. B. Mon.) 162; Pollard v. Pollard, 20 Ky. (4 T. B. Mon.) 359; Roach v. Wade, 20 Ky. (4 T. B. Mon.) 523; Smalley v. Anderson, 20 Ky. (4 T. B. Mon.) 367; Thornberry v. Churchill, 20 Ky. (4 T. B. Mon.) 29, 16 Am. Dec. 125; Waggener v. Bells, 20 Ky. (4 T. B. Mon.) 7; Ward v. Deering, 20 Ky. (4 T. B. Mon.) 44; Bank of Limestone v. Penick, 21 Ky. (5

T. B. Mon.) 25; Hall v. Amos, 21 Ky. (5 T. B. Mon.) 89, 17 Am. Dec. 42; Slaughter v. Froman and wife, 21 Ky. (5 T. B. Mon.) 19, 17 Am. Dec. 33; Snelling v. Boyd, 21 Ky. (5 T. B. Mon.) 172; Wilson's Adm'r v. Bowen, 21 Ky. (5 T. B. Mon.) 33; Erwin v. Devine, 24 Ky. (1 J. J. Marsh.) 204; Stewart v. Stewart, 30 Ky. (7 J. J. Marsh.) 183, 23 Am. Dec. 396.

In none of these opinions is the slightest mention made of the previous adjudications in the so-called "Supreme Court," and in all of our decisions, only five of the decisions of that court have been cited and then perhaps inadvertently. Cases reported in 18 Ky. (2 T. B. Mon.) are not and have never been authority in Kentucky. See Dembitz, Ky. Jurisprudence, p. 19.

### The Plat.

Appellants complain of a plat used on the trial, which all admit was not drawn to scale, and to the introduction of which appellants objected, but both before and after it was formally introduced it was used by appellants' counsel in the interrogation of the witnesses, and we are unable to see that its use was prejudicial. Plats usually result in rendering a record meaningless in this court, see Fyffe v. Com., 256 Ky. 145, 75 S. W. (2d) 778, 779, though they may be helpful in the trial court, but, if parties will use them, they should be carefully made from an accurate survey and brought up with the record.

### The Size of the Verdict.

The decedent was 32 years old, a high school graduate, had been for 8 years employed by a doctor, for whom she made X-ray pictures, blood tests, etc., was capable of earning $75 or $100 per month, had an expectancy of about 30 years of further life, and hence we find no merit in the contention that the judgment is excessive.

### Appellee's Contention.

It was alleged in the petition that Miss Billie Smith was a careless, negligent driver, had had other accidents, and that her parents knew this, etc. Thus there was presented the question discussed in Rounds v. Phillips (Md.) 177 A. 174, and almost the question that was involved in Meers v. McDowell, 110 Ky. 926, 62 S. W. 1013, 23 Ky. Law Rep. 461, 53 L. R. A. 789, 96

Am. St. Rep. 475. A demurrer was sustained to this paragraph, and appellee complains of this and of the new trial granted Miss Billie, but, in the absence of a cross-appeal, these questions are not before us.

Judgment reversed as to Mark A. Smith and affirmed as to Dorothy A. Smith.

The whole court sitting.