## Kelley's Heirs v. Burnam et al.

October 10, 1947.

W. J. Baxter, Judge.

H. O. Porter and Shumate & Shumate for appellants.

Eversole & Eversole for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is from an order sustaining purchasers' exceptions to a commissioner's report of sale of real estate. The ground is that the evidence is not sufficient to prove that the parties, both plaintiffs and defendants, are the heirs and devisees and all the "relations" of the owner of the property living and making claim for the estate three years after the death of his widow, which is a provision of the devise. A resale of the property was ordered "upon the condition that the parties estab-

lish their rightful relationship to the testator." This was attached notwithstanding the judgment ordering the sale adjudged that all the necessary parties were before the court and that the plaintiffs and defendants had established their right to the remainder of the estate. That judgment was entered at a prior term of court and has never been vacated.

The will of Barney Kelley was probated in 1906. He never had any children. He devised all of his personal property to his wife absolutely and his real estate to her for life with the remainder "to my sisters and brothers or the descendants of those who are dead and to my relations" who "shall make known and according to law, this right to claim under and by virtue of this section of my will and within three years after the death of my said wife." The judgment construed this condition and limitation to be valid and held that it defeated the right of anyone to an interest in the estate who had failed to establish his kinship and claim a share within three years after the death of the testator's widow. She died in November, 1943, which was more than three years before the judgment was rendered. It was adjudged, as we have said, that the plaintiffs and defendants jointly were entitled to all the estate in certain stated proportions.

After the death of the testator's widow, this suit was instituted by William James Gallagher, his sister and two brothers, against Patrick Gallagher and other named persons (two of whom are residents of Ireland) and the "unknown devisees and unknown heirs at law" of a deceased brother and sister of the testator. The petition set forth the family tree as it was known to the plaintiffs, prayed a construction of the will and judgment that the plaintiffs were entitled to all or a distributable share in the estate. A warning order was entered and the attorney made due report. Two of the named defendants and three others who were not parties filed an answer and cross-petition in which they set up their relationship to the testator. It was admitted in this pleading that he had left a sister, Mary G. Kelley, in Ireland and that she had died many years ago, leaving surviving her "persons by the name" of the several plaintiffs, but denied, upon information and belief, that the plaintiffs were the persons whom they claimed to be.

The defendants also pleaded some evidentiary material and charged that the plaintiffs were impostors. They then asked that the court require plaintiffs to prove their identity as the children of testator's deceased sister. In this pleading the defendants made claim for a distributable share in the estate.

Issues being joined, depositions were taken by both sides which quite fully established the family tree of the testator and the respective kinship of all the parties. They proved that a brother, Patrick Kelley, had gone to New Zealand many years ago, then returned to Ireland and died unmarried. Another brother, James Kelley, had come to America and disappeared after two days and was never heard from again. The issue raised in the pleading passed out under the uncontradicted proof and both plaintiffs and defendants establishing not only their own but each others relationship to the testator. All were in agreement and satisfied as to their respective identities when the judgment was rendered, and all of them are appellants.

We are at a loss to understand the second conclusion of the court, as indicated by the order sustaining the exception of the purchasers of the property, that the right of the parties to the estate was not established, whereas it had been adjudged theretofore that they were and that judgment was never questioned or set aside.

Purchasers at a judicial sale can not prevent confirmation by attacking the judgment as erroneous, although they may do so if it is void. West v. McDonald, Ky., 113 S. W. 872; Crume et al. v. Sherman, 185 Ky. 376, 215 S. W. 196; Wolverton v. Baynham, 226 Ky. 214, 10 S. W. 2d 837. In this case the Madison Circuit Court had jurisdiction of the subject matter and of the parties. The construction of the will and the adjudication of the rights of the parties seem to be correct; but in any event, should anyone have it vacated in the future, it would not affect the title of the purchasers, for bona fide purchasers of property sold under a judgment which is merely erroneous get a good title. Webb v. Webb's Guardian, 178 Ky. 152, 198 S. W. 736; Hays v. Beaver Creek Coal & Coke Co., 178 Ky. 149, 198 S. W. 743; Burns v. Rich, 238 Ky. 123, 36 S. W. 2d 833. True, where the property

sold is shown to be owned in whole or in part by a person other than the one adjudged to have owned it, or on whose account it was sold, a purchaser will not be protected. Petrey v. Kelly, 225 Ky. 746, 9 S. W. 2d 1090. But that rule can not apply where there is no doubt whatever that the property belonged to the testator in this case. The only question expressly raised by the ground of exceptions upon which the sale was set aside is that the parties to the suit had not established their right to the proceeds. It could be implied, however, that the exceptors had in mind some other person or persons hereafter appearing and making claim to a share in the estate. Clearly the court had authority and jurisdiction to adjudge that by a proper construction of the will all unknown heirs or other descendants of the testator's brothers are barred by the three year condition and limitation provided in the will. The purchasers can not question a distribution of proceeds among devisees. The court was in error, therefore, in sustaining the exception and should have confirmed the sale.

The purchasers, now appellees, had seven other grounds upon which they based their exceptions to the report of sale. They questioned some of the procedure and alleged the judgment to be void. The points are argued on the appeal, and the appellees contend that those other grounds should have been sustained instead of overruled. But they do not prosecute an appeal or cross-appeal.

Sometimes it is difficult to determine whether a cross-appeal is necessary in order to secure consideration of questions raised affirmatively by appellees. Where the judgment denied part and granted part of the relief sought, each losing party must appeal or cross-appeal to have a review of the part which he lost. That is clear. Here the purchasers obtained all the relief they sought; namely, to have the sale set aside. But we are holding that the order was erroneous because the ground upon which it is based was not sustained. The question is whether the parties prevailing below may contingently have a review of other grounds which they contend are sufficient even though the ground which the court accepted was not. As a general rule, when the effect of the final judgment would be to place some obligation on the appellee, a cross-appeal must be prosecuted in order

to save appellee's point in case his adversary, the appellant, should secure a reversal of the judgment. Clark v. Wells-Elkhorn Coal Co., 215 Ky. 128, 284 S. W. 91. The rule that where a correct judgment was rendered on an incorrect premise or an unsustainable ground it will be affirmed, does not apply where the predicate was itself an issue upon which the trial court rendered judgment. Hall v. Hall, 292 Ky. 772, 168 S. W. 2d 10. Exceptions to a commissioner's report constitute a pleading. It stands traversed as a matter of law and there is no necessity of a responsive pleading. Graves' Committee v. Lyons, 166 Ky. 446, 179 S. W. 413. If the alleged facts which constitute the grounds are not sufficient in law, and the court so adjudges, it is similar to sustaining a demurrer to that part of the pleading. And the failure to appeal from that order must be deemed to be an acquiescence. Smith v. Overstreet's Administrator, 258 Ky. 781, 81 S. W. 2d 571. This court can consider only such questions when brought before us. The affirmative contentions of the appellees, therefore, must be disregarded.

The judgment is reversed.