### BOARD OF EDUCATION OF LAWRENCE COUNTY, Kentucky, Appellant,

v.

### Vessie L. WORKMAN, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Petition for Rehearing Dismissed
July 29, 1955.

Clyde L. Miller, Louisa, for appellant.

C. A. Lycan, Ashland, for appellee.

CAMMACK, Justice.

On the first trial of this case the sheriff, Vessie L. Workman, was allowed the full statutory fee of four per cent for collecting school taxes. We set aside that judgment and remanded the case to the circuit court

for taking of further proof to ascertain what portion of the time of the sheriff and his deputies was devoted to tax collection work. The formula used by the lower court to compute the sheriff's fee was held to be erroneous and we pointed out also that unless there was more satisfactory proof of automobile expenses actually paid, that item should be disallowed. Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528.

Upon the second trial of the case the special judge held the Board was entitled to recover of Workman $915.69, which is the difference between the sum withheld by Workman as compensation for collecting school taxes for 1950, and the amount to which the special judge held he was entitled.

The Board contends on this appeal that the court erred in allowing $1,555.20 for automobile expense and in adjudging that the ten precinct deputies were paid $1,486.97 for collecting school taxes. The Board argues also that it should have interest on the sum recovered from Workman from June 6, 1951, which is the date on which Workman made the last payment of school taxes to the Board.

■ The lower court set out that Workman attempted to show that 70,799 miles were traveled by him and his deputies in collecting school taxes alone, and that he claimed ten cents per mile as travel expenses. The court held that was excessive and found that 24,000 miles was a reasonable figure for the mileage traveled in collecting all taxes and computed the expense at ten cents per mile. As school taxes amounted to 64.8 per cent of all taxes collected, the court took 64.8 per cent of $2,400 and awarded $1,555.20 to Workman as automobile expenses incurred in collecting school taxes. However, Workman's itemized statement of expenses discloses that he claimed 10,000 miles were traveled in collecting all taxes, and when calculated at ten cents per mile the amount would be $1,000. Thus Workman claimed only $648 as automobile expenses in collecting school

taxes. Obviously, the court erred in awarding Workman $1,555.20 for automobile expenses. The Board argues, however, that he is entitled to nothing for automobile expenses. Workman stated that the 10,000 mileage figure was only an estimate. Furthermore, there is no direct evidence as to who did the traveling, or that a single tax bill was collected through automobile travel. We stated in the first opinion that this item should be disallowed unless there was satisfactory proof of automobile expense actually incurred. There was no such proof and consequently Workman is not entitled to claim any automobile expense.

■ As to the amount paid to the ten precinct deputies, Workman testified that he paid these deputies a total of $2,301.05. The deputies stated that the agreement was that they were to receive four per cent of all taxes collected in their districts, whether they personally collected them or not. The figure of $2,301.05 is supposed to represent four per cent of those taxes. The lower court concluded that the precinct deputies had collected a total of $88,775.09 in taxes of all kinds and $57,526.25 in school taxes alone. He concluded also that $1,486.97 was paid to these deputies for collecting school taxes. Only three of the ten precinct deputies testified at the second trial. They stated that they collected taxes, but were unable to tell the amount collected or the amount of time they devoted to tax collection work. Workman was unable to provide any proof showing the time the deputies devoted to tax collection work. Undoubtedly, the precinct deputies devoted a portion of their time to collecting taxes and traveled to remote sections of the county over bad roads in doing so. But, as was pointed out in the first opinion, the school fund is chargeable only with the reasonable expenses actually incurred in collecting school taxes. We are not at liberty to speculate concerning those expenses. There must be actual proof of them. Workman has been afforded two opportunities to provide proof concerning the tax collection work of the precinct

deputies, and since he has not done so we must conclude that he is unable to furnish the necessary proof. Consequently, the expense item allocated to the precinct deputies should have been disallowed.

■ The lower court held that Workman was entitled to $5,479.27 as his compensation for collecting school taxes in 1950, the year in question. With the amount allowed the precinct deputies and the automobile expenses deducted from that amount, Workman is entitled to $2,437.10. He withheld $6,394.96 from the school taxes collected in 1950. The Board is entitled to the difference between these amounts, or $3,957.86, with interest at six per cent from June 6, 1951, the date Workman made his last payment to the Board.

■ In his brief Workman complains of errors allegedly made by the lower court. However, no cross-appeal has been prosecuted, and, therefore, he cannot now be heard to complain of any error in the judgment. Hurt v. Kendrick, 314 Ky. 503, 236 S.W.2d 275; Kelley's Heirs v. Burnam, 305 Ky. 544, 204 S.W.2d 965, 174 A.L.R. 534.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in favor of the Board for $3,957.86; interest to run from June 6, 1951, at six per cent.